**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dean Patrick Loomis, a married man and Beth Loomis, a married woman,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. Bank Home Mortgage; U.S. Bank Corp.; U.S. Bank, a bank domiciled in Minnesota; U.S. Bank National Association ND, a bank domiciled in North Dakota; Equifax Credit Information Services, a/k/a Equifax Credit Information Services, a Georgia limited liability company; Experian a/k/a Experian Information Solutions, Inc., an Ohio Corporation, Trans Union LLC, a Delaware limited liability company; Black Corporations 1-100, inclusive; White Partnerships, 1-100, inclusive; and Does 1-100, inclusive,<br><br>Defendants. | No. CV-11-00735-TUC-CKJ<br><br>**ORDER** |

Pending before the Court are two motions. Defendant U.S. Bank Home Mortgage ("USB"), filed a Motion to Dismiss on April 13, 2012. (Doc. 8). Defendant Trans Union LLC, ("TransUnion") filed a Motion to Dismiss Plaintiff's Complaint under Rule 4(M) or in the Alternative Motion to Dismiss under Rule 12(b)(6) for Failure to State a Claim on April 30, 2012. (Doc. 12).

Defendant Experian Information Solutions, Inc. ("Experian") filed an Answer (Doc. 22) on May 31, 2012. Defendant Equifax Information Services, LLC ("Equifax")

filed an Answer (Doc. 24) on June 22, 2012.

The Court finds these matters appropriate for decision without oral argument. *See* LRCiv. 7.2(f). After reviewing the moving, opposing, and replying papers, for reasons set forth below the Court grants in part and denies in part Defendants' Motions.

*Factual Background[1]*

Plaintiffs purchased their house on July 25, 2008 and the deed of trust was recorded by Mortgage Electronic Registration Systems. (Doc. 1 at ¶ 16-17). On October 28, 2008 the deed was transferred to USB. *Id.* at ¶ 18. Plaintiffs went to USB and inquired about refinancing their home, agreeing to *consider* a Home Affordable Modification Program (emphasis added *Id.* at ¶ 19). Plaintiffs contend that USB did not disclose to them, that upon consideration of a loan modification, their mortgage status would appear as "modified" and adversely affect the credit information that USB furnished to the consumer reporting agencies; Trans Union, Experian, and Equifax (collectively "consumer reporting agencies"). *Id.* at ¶ 19-21.

In November 2010 Plaintiffs attempted to refinance their home through Nova Home Loans but were unsuccessful because of negative comments on their credit report and their low credit score. *Id.* at ¶ 23. The low credit score and negative comments were allegedly the result of USB furnishing false information to the credit reporting agencies that Plaintiffs were in a modified loan program. *Id.*

Beginning on November 29, 2010 Plaintiffs initiated a series of conversations with USB regarding their mortgage's status and USB's report to the credit reporting agencies. *Id.* at ¶ 24-27. USB informed Plaintiffs that the status of the loan was automatically changed to modified after Plaintiffs requested information about the modification program. *Id.* at ¶ 24, 31. Further, USB's computer record indicated that Plaintiffs were in a partial payment program but confirmed that Plaintiffs had made payments on time and

---

[1] The Court accepts as true the factual allegations as set forth in Plaintiffs' Complaint for the purposes of resolving Defendants' Motions to Dismiss.

in full every month. *Id.* at ¶ 27.

On December 3, 2010 USB sent Plaintiffs a letter in which it indicated that it asked the credit reporting agencies to update their record to reflect that Plaintiffs' account was not on a repayment plan. *Id.* at ¶ 29. On May 12, 2011, Plaintiffs sent a letter to USB, explaining their concerns, and on June 29, 2011 Plaintiffs received a response from USB's Chief Risk Officer Rich Hidy in which USB acknowledged the error, but told Plaintiffs that removal of the comments may not necessarily restore their credit score. The letter further informed Plaintiffs that the credit reporting agencies would not be able to re-adjust their score. *Id.* at ¶ 32-33. Plaintiffs assert that as a result of USB's error, their credit score dropped approximately 125 points, resulting in a denial of access to additional credit lines and Dean Loomis being denied employment. *Id.* at ¶ 34-37.

*Procedural History*

On November 17, 2011, Plaintiffs filed a Complaint alleging seven causes of action against USB and the three credit reporting agencies, Trans Union, Experian, and Equifax.[2]

Plaintiffs allege that USB violated Arizona's Credit Reporting Act, A.R.S. §44-1695, *et seq*, and the Arizona Consumer Fraud Act, A.R.S. §44-1521. Plaintiffs further allege violations of the common law torts of negligent misrepresentation, negligence, defamation, and negligent interference with prospective economic advantage against USB.

Plaintiffs allege the reckless and willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681e(b), by Trans Union, Experian, and Equifax for failing and willfully refusing to take reasonable steps to ensure the accuracy of their reports as well as

---

[2] Plaintiffs' Complaint identifies a Fourth Cause of Action twice. While identified as a Fourth Cause of Action in the Complaint, negligence was actually the Fifth Cause of Action listed.

violations of the common law torts of negligence and defamation.

On April 13, 2012, USB filed it's Motion to Dismiss for failure to state a claim. (Doc. 8). Plaintiffs filed their response to USB's Motion on April 25, 2012. (Doc. 11). On May 7, 2012, Defendant USB filed its reply. (Doc. 16).

Defendant Trans Union filed a Motion to Dismiss Plaintiffs' Complaint under Rule 4(m), or in the Alternative Motion to Dismiss under Rule 12(b)(6) for Failure to State a Claim on April 30, 2012. (Doc. 12). On May 9, 2012, Plaintiffs filed their response to Trans Union's Motion. (Doc. 17). Trans Union filed a reply on May 16, 2012. (Doc. 20). Defendant Experian filed an Answer to the Complaint on May 31, 2012 (Doc. 22) and Defendant Equifax filed its Answer to the Complaint on June 22, 2012. (Doc. 24).

*Dismissal under Rule 4(m)*

Trans Union moves for dismissal under Rule 4(m) of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 4(m) provides that if a defendant is not served within 120 days after the complaint is filed, the court, on motion or on its own after notice to the plaintiff, must dismiss the action without prejudice against the defendant or order that service be made within a specified time. Fed.R.Civ.P. 4(m).

Plaintiffs' Complaint was filed on November 17, 2011 and Trans Union alleges that it did not receive notice until 144 days later on April 10, 2012. Trans Union argues that "Courts must determine whether good cause for the delay has been shown." *Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 512 (9th Cir. 2001). However, if there is no good cause, the Court has the discretion to dismiss without prejudice or to extend the time period. *Id.* (citing *Petrucelli v. Bohringer & Ratzinger, GMBH*, 46 F.3d 1298, 1305 (3rd Cir. 1995)). Rule 4(m) does not "tie the hands of the district court after the 120-day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint after that 120-day period." *Mann v. American*

*Airlines*, 324 F.3d 1088, 1090-91 (9th Cir. 2003). In making a decision to grant an extension without good cause, the Court may consider factors like "a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (citing *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)).

Although Plaintiffs' counsel has not demonstrated good cause, Trans Union has entered an appearance and acknowledges receiving service only a few weeks beyond the 120 day limit. The Court does not find any prejudice to Trans Union resulting from Plaintiff's late service. Accordingly, the Court will deny Trans Union's Motion to Dismiss pursuant to Rule 4(m).

*Failure to State a Claim*

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 8(a), Fed. R. Civ. P. While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Neither do mere assertions devoid of any factual enhancement. *Id*. A court does not have to accept as true, legal conclusions unsupported by factual allegations. *Id*.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id* at 678. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-

specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

This Court must take as true all allegations of material fact and construe them in the light most favorable to the plaintiff. *See Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003). Nonetheless, the Court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987).

*Arizona Revised Statute §44-1695*

Plaintiffs allege that USB, acted with gross negligence in violation of the Arizona Consumer Reporting Agencies and Fair Credit Reporting Act, A.R.S. §44-1695, when it incorrectly reported to multiple credit reporting agencies that Plaintiffs' loan was in a mortgage modification program. As a result of this notification by USB, Plaintiffs allege that their credit score was lowered causing the Plaintiffs harm.   Pursuant to A.R.S. §44-1695:

> Any consumer reporting agency, user of information or source of information that is grossly negligent in the use or preparation of a consumer report or that acts willfully and maliciously with intent to harm a consumer is liable to the consumer for actual damages, if any, punitive damages and attorney fees and court costs. If a consumer reporting agency prepares a consumer report, the consumer reporting agency shall follow reasonable procedures to ensure the maximum possible accuracy of the information relating to the consumer who is the subject of the consumer report.

A.R.S. §44-1695(C). Plaintiffs allege that USB is a provider of information and is thus subject to this statute. USB has argued that A.R.S. §44-1695 is preempted by the Fair Credit Reporting Act 15 U.S.C. §1681t and this claim should be dismissed. Title 15 U.S.C. §1681t(b)(1)(F), provides in pertinent part:

>   (b)General exceptions
>
>> No requirement or prohibition may be imposed under the law of any State-
>>
>> (1) with respect to any subject matter regulated under---
>>
>>> (F) section 1681s-2 of this title, *relating to the responsibilities of persons who furnish information to consumer reporting agencies,* except that this paragraph shall not apply,
>>>
>>>> (i) with respect to §54A(a) of chapter 93 of the Massachusetts Annotated Laws (as in effect on September 30, 1996); or
>>>> (ii) with respect to section 1785.25(a) of the California Civil Code (as in effect on September 30, 1996).

15 U.S.C. § 1681t(b)(1)(F)(emphasis added).  Since A.R.S §44-1695 and the Fair Credit Reporting Act §1681s-2 both address the responsibilities of a provider of credit information to credit reporting agencies, Plaintiffs are expressly pre-empted from alleging a violation of A.R.S. §44-1695 against USB.  *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1166 (9th Cir. 2009)(§1681t(b)(1)(F) appears to preempt all state law claims based on a creditor's responsibilities under §1682s-2).

Plaintiffs argue that the Arizona statute is not preempted because it is consistent with the Fair Credit Reporting Act.  In support of their position, Plaintiffs cite to a 1981 Arizona case and the Ninth Circuit decision in *Credit Data of Arizona v. State of Arizona*, 602 F.2d 195 (9th Cir. 1979).  In these cases, the courts interpreted the preemption clause of §1681t as applied to state statutes and found that so long as the state acts were not inconsistent with the federal act, the state act was not preempted.  *Antwerp Diamond Exch. V. Better Business Bureau*, 130 Ariz. 523, 529 (Ariz. 1981) (citing *Credit Data of Arizona v. State of Arizona*, 602 F.2d 195 (9th Cir. 1979).  However, these cases were both decided before Congress enacted §1681t(b)(1)(F) in 1996 and thus do not address that section.

Additionally, §1681t(b)(1)(F) expressly exempted two specific state statutes from

preemption. The Arizona Credit Reporting Act was in place in 1996 when this section of the federal statute was enacted, and the statute failed to include the Arizona act in its list of state statutes that are expressly excluded from preemption. As such, Plaintiffs' First Cause of Action alleging a violation of A.R.S. §44-1695 against USB is dismissed with prejudice as it is preempted by15 U.S.C. §1681t(b)(1)(F) and cannot be cured by amendment.

Further, there is no private right of action under 15 U.S.C. §1681s-2(a) for any of USB's actions because that section is solely enforced by Federal agencies, officials, and State officials, thus private enforcement is excluded. *Nelson v. Chase Manhatten Mortgage Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002). There the Ninth Circuit found that "Congress did not want furnishers of credit information exposed to suit by any and every consumer dissatisfied with the credit information furnished." *Id* at 1060.

Title 15 U.S.C. §1681s-2(b) outlines the duties of a furnisher of information after receiving notice of a dispute. While a private right of action is permitted for a violation of the 15 U.S.C. §1681s-2(b) duties, those duties only "arise after the furnisher receives notice of a dispute from a credit reporting agency; notice of a dispute received directly from the consumer does not trigger furnishers' duties." *Marshall v. Swift River Academy, LLC,* 327 Fed. Appx. 13 (9th Cir. 2009)(quoting *Gorman v. Wolpoff & Abramson, LLP,* 552 F.3d 1008, 1014 (9th Cir. 2009)). Contacting the furnisher of credit information directly does not give rise to a private right of action. *Nelson*, 282 F.3d at 1060.

*Fair Credit Reporting Act, 15 U.S.C. §1681e(b)*

Plaintiffs allege that the credit reporting agencies violated their duties under the Fair Credit Reporting Act, Title 15 U.S.C. §1681e(b). This section provides that whenever a credit reporting agency prepares a consumer credit report, it shall follow reasonable procedures to insure the maximum possible accuracy of the information concerning the individual about whom the report relates. 15 US.C. §1681e(b). If a

consumer's report contains an inaccuracy, "the credit reporting agency that generated the inaccurate report may be held liable only if it failed to follow reasonable procedures." *Guimond v. Trans Union Credit Info Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995).

To make out a prima facie violation under §1681e(b), a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information. *Trans Union Credit Info Co.,* 45 F.3d at 1333.  In their Complaint, Plaintiffs allege that the credit reporting agencies willfully issued reports that were wrong or misleading, because they contained information received from USB that Plaintiff's mortgage was in a modification program, when this was not true.  As a result of this inaccurate information, Plaintiffs' credit score was lowered and the Plaintiffs' suffered damages including the denial of a mortgage refinancing loan.

When deciding a motion to dismiss, the Court must accept as true, all of Plaintiffs' well-pled factual allegations.  *See Shwarz v. United States,* 234 F.3d 428, 435 (9th Cir. 2000).  Therefore, the Court must assume that the credit reporting agencies willfully issued credit reports with inaccurate information regarding the status of Plaintiffs' home mortgage, which in turn, lowered Plaintiffs' credit score.  The Court finds that Plaintiffs' have sufficiently alleged a violation of 15 U.S.C. §1681e(b) against the credit reporting agencies and Trans Union's Motion to Dismiss Plaintiff's Second Cause of Action is denied.

*Arizona Consumer Fraud Act, A.R.S. § 44-1521*

Plaintiffs allege that USB violated the Arizona Consumer Fraud Act, A.R.S. §44-1521, by failing to disclose to Plaintiffs that the mere inquiry into a loan modification program would negatively impact their credit score.

"In alleging fraud or mistake," Federal Rule of Civil Procedure 9(b) "requires a party to state with particularity the circumstances constituting fraud including the who, what, when, where and how of the misconduct charged." *Ebeid ex rel. United States v.*

- 9 -

*Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010)(quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)(internal quotation marks omitted). "In addition, the plaintiff must set forth what is false or misleading about a statement." *Id*. (quoting *Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.),* 42 F.3d 1541, 1548 (9th Cir. 1994).

The three elements of a statutory fraud claim include a false promise or misrepresentation made in connection with the sale of merchandise and the Plaintiffs' resulting and proximate injury. *Henderson v. Chase Home Finance, LLC*, 2010 WL 1962530 (D. Ariz. May 14, 2010)(citing *Parks v. Macro-Dynamics*, *Inc.*, 121 Ariz. 517, 591 P.2d 1005, 1008 (Ariz.Ct.App. 1979). Loan transactions constitute a sale within the meaning of the Arizona Consumer Fraud Act. *Villegas v. Transamerica Fin. Servs., Inc.*, 147 Ariz. 100, 708 P.2d 781, 783 (Ariz. Ct.App. 1985).

Plaintiffs allege that after inquiring with USB about the prospect of entering into a loan modification program, USB intentionally failed to disclose that the mere inquiry into a home loan modification program would result in a negative impact on Plaintiffs' credit history. Plaintiffs further allege that they suffered injuries as a result of USB's actions, including a lower credit score and the subsequent denial of a refinancing loan. A review of Plaintiffs' Complaint reveals that they have identified specific dates and the names of people that Plaintiffs spoke with at USB regarding their concerns. However, the fraud alleged by Plaintiffs, is a failure to disclose or silence regarding the negative impact the inquiry into a modification program would have on Plaintiffs' credit scores.

"A failure to disclose can constitute fraud only if the defendant had a duty to disclose." *Gould v. M&I Marshall & Isley Bank*, 860 F.Supp.2d 985, 989 (D. Az. 2012)(*citing Haisch v. Allstate Ins. Co*., 197 Ariz. 606, 5 P.3d 940, 944 (Ariz.Ct.App. 2000). "The same is true of consumer fraud, negligence, and negligent misrepresentation." *Id*. (*citing Kuehn v. Stanley,* 208 Ariz. 124, 91 P.3d 346, 350–51 (Ariz.Ct.App.2004) (negligence and negligent misrepresentation require duty to

- 10 -

disclose); *Horne v. AutoZone, Inc.,* 227 Ariz. 471, 258 P.3d 289, 299 (Ariz.Ct.App.2011) (Arizona Consumer Fraud Act claim can be based on omission when the law imposes a duty to disclose)(opinion vacated in part *State ex rel. Horne v. Autozone, Inc*., 229 Ariz. 358 (Sup Ct. Az. 2012).

Arizona follows the Restatement (Second) of Torts. *Id*. (citing *Jesik v. Maricopa County Community College Dist.*, 125 Ariz. 543, 611 P.2d 547 (1980). Plaintiffs have failed to plead facts establishing that USB had a duty to disclose to the Plaintiffs the effect an inquiry into a home modification program could have on their credit score. *See* Restatement (Second) of Torts §551(2)(listing circumstances where a duty to disclose exists). While the existence of a fiduciary relationship between USB and Plaintiffs appears to be the most likely scenario establishing a duty to report upon USB, under Arizona law, a mortgage lender typically does not owe any fiduciary duty to a borrower. *Thomas v. Wells Fargo Bank, Nat. Assoc*., 2012 WL 1094459 (D. Ariz. 2012)(citing *Urias v. PCS Health Sys.,* 211 Ariz. 81, 118 P.3d 29 (App. 2005). However, since Plaintiffs may be able to plead facts sufficient to establish a duty on the part of USB to disclose the effect an inquiry into a home modification program could have on their credit score, Plaintiffs' Seventh Cause of Action alleging a violation of A.R.S. §44-1521 against USB, is dismissed with leave to amend.

*Negligent Misrepresentation*

Plaintiffs allege that USB failed to disclose material information upon which the Plaintiffs relied in their dealings with USB. Specifically, Plaintiffs allege that USB failed to disclose that USB was not the true owner of the Plaintiffs' mortgage and further failed to disclose that the mere inquiry into a home modification program would have an adverse impact on Plaintiffs' credit scores. Under Arizona law:

> One who, in the course of his business, professional, or employment, or in any transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions is subject to liability for pecuniary loss caused to them

- 11 -

> by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

Restatement (Second) of Torts §522; *Standard Chartered PLC v. Price Waterhouse*, 190 Ariz. 6, 945 P.2d 317, 341 (Ariz.App.1996)(Arizona courts recognize the tort of negligent misrepresentation as set forth in the Restatement). A person charged with negligent misrepresentation based upon a failure to disclose, must have owed a duty to the injured party to be liable. *Gould v. M&I Marshall & Isley Bank*, 860 F.Supp.2d 985, 989 (D. Az. 2012)(a failure to disclose can constitute negligent misrepresentation only if the defendant had a duty to disclose)(*citing Kuehn v. Stanley,* 208 Ariz. 124, 91 P.3d 346, 350–51 (Ariz.Ct.App.2004).

Plaintiffs have failed to plead facts establishing that USB had a duty to disclose to the Plaintiffs that it was not the holder of the subject note or that the inquiry into the modification program could adversely affect their credit scores.   *See* Restatement (Second) of Torts §551(2).  However, since Plaintiffs may be able to plead facts sufficient to establish a duty on the part of USB to disclose this information, Plaintiffs' Fourth Cause of Action alleging negligent misrepresentation against USB is dismissed with leave to amend.

*Defamation, Libel, and Negligence*

Plaintiffs allege that USB committed libel when it delivered a written, false statement regarding Plaintiffs to the credit reporting agencies and the credit reporting agencies committed libel when they disseminated this false information to third parties. Defendant USB argues that the common law causes of action including defamation, libel and negligence are all preempted as to USB by 15 U.S.C. 1681t(b)(1)(F) or in the alternative, this claim is preempted by 15 U.S.C. 1681h(e).

As previously discussed, 15 U.S.C. 1681t(b)(1)(F) expressly preempts any state action against a furnisher of information to a credit reporting agency regarding any matter

regulated under 15 U.S.C. 1681s-2.  See *Wolpoff & Abramson, LLP*, 584 F.3d at 1166 (9th Cir. 2009).    However, in *Wolpoff*, the Ninth Circuit noted that while §1681t(b)(1)(F) appears to preempt all state claims based on a violation of §1681s-2, another section, §1681h(e), specifically discussed defamation, libel, and negligence.  *Id*. at 1165-1166.  The court declined to decide whether defamation, libel, and negligence claims related to a violation of §1681s-2 were preempted under §1681t(b)(1)(F) or whether a plaintiff could allege malice and willful intent to injure and avoid preemption utilizing §1681h(e), which states:

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to sections 1681g, 1681h or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report *except as to false information furnished with malice or willful intent to injure such consumer*.

15 U.S.C. §1681h(e)(emphasis added).   Plaintiffs asserts that pursuant to §1681h(e), as long as a plaintiff alleges malice or willful intent to injure, a defamation claim or negligence claim survives preemption.  While the Ninth Circuit has declined to resolve this issue, "the majority of district courts in the Ninth Circuit have held that the [fair credit reporting act] preempts state statutory and common law causes of action which fall within the conduct proscribed under §1681s-2(a)."   *Trout v. BMW of North America*, 2007 WL 602230 (D. Nev. 2007); *Karony v. Dollar Loan Center, LLC*, 2010 WL 5186065 (D. Nev. 2010)(defamation claim preempted by §1681t(b)(1)(F) to the extent the claim relates to defendant's responsibilities under §1681s-2); *Dvorak v. AMC Mortgage Services, Inc.,* 2007 WL 4207220 (E.D. Wash. 2007)(agreeing with the approach of the majority of district courts in the Ninth Circuit that the Fair Credit

- 13 -

Reporting Act preempts state statutory and common law causes of action, which fall within the conduct proscribed under §1681s-2). There are however, some Ninth Circuit district courts, which have held defamation and negligence claims based on reporting information with alleged malice are not preempted by §1681t(b)(1)(F). *Home Care v. Advanta Bank*, 2010 U.S. Dist. Lexis 59227 (D. Az. 2010)(holding that §1681h(e) provides an exception from preemption if a plaintiff can prove falsity and malice); see also *Benjamin v. Coker,* 2006 U.S. Dist. Lexis 80776 (D. Az. 2006).

Since there is no definitive authority in the Ninth Circuit, the Court must interpret the statute, "giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous." *Boise Cascade Corp. v. U.S. E.P.A.,* 942 F.2d 1427, 1432 (9th Cir. 1991). The purpose of interpreting a statute is to determine the intent of the legislature. *Jacobellis v. State Farm Fire & Cas. Co*., 120 F.3d 171, 173 (9th Cir. 1997). As noted above, §1681t(b)(1)(F) prohibits any state law attempting to regulate the responsibilities of furnishers of information to consumer reporting agencies, while §1681h permits suits in defamation, libel or negligence against a furnisher of information as long as there exists malice or willful intent to injure the consumer. It appears that Congress did not intend to repeal §1681h at the time §1681t(b)(1)(F) was ratified. In fact, Congress amended §1681h(e) when it added §1681t(b), clearly establishing Congress' intent that both sections remained in effect. *See* Pub.L. No. 104-208, 110 Stat. 3009-396, 3009-439 (1996); *Islam v. Option One Mortg. Corp*., 432 F.Supp.2d 181, 191 (D. Mass. 2006).

Furthermore, the Court does not find that §1681h was repealed by implication. "[R]epeals by implication are not favored." *Radzanower v. Touche Ross & Co.,* 426 U.S. 148, 154, 96 S.Ct. 1989, 48 L. Ed.2d 540 (1976). A repeal by implication occurs when the intent of the legislature is clear and where either "provisions in the two acts are in irreconcilable conflict" or where "the later act covers the whole subject of the earlier one and is clearly intended as a substitute." *Id*. Section 1681t(b)(1)(F) does not cover the entire subject of §1681h, and while both sections address the responsibilities of a

furnisher of information, the Court finds it possible to give substantive meaning to both sections. While §1681t(b)(1)(F) generally preempts both statutory and common law claims, relating to the responsibilities of a furnisher of information, *See Roybal v. Equifax*, 405 F.Supp.2d 1177, 1181 (E.D. Cal. 2005), §1681h(e) provides an exception for four specific common law torts including defamation, libel, negligence, and invasion of privacy when a plaintiff alleges malice or willful intent to injure.

Trans Union argues that the Plaintiffs failed to allege malice or willful intent to injure in their Complaint. The Ninth Circuit has applied the *New York Times* standard of malice for the purposes of §1681h(e). *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1168 (9th Cir. 2009). Under the *New York Times* standard, Plaintiffs must allege that "the publication was made with knowledge that it was false or with reckless disregard of whether it was false or not." *Id*. (*citing New York Times v. Sullivan*, 376 U.S. 254, 279-280, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964)). Reckless disregard for whether or not the information was false is shown when the plaintiff alleges that the defendant entertained serious doubts about the truth of the publication. *Id*.

Plaintiffs allege that Defendants knowingly disseminated false written information and caused the statements to be published with total disregard of its falsity. However, Plaintiffs do not provide factual support for these claims. Specifically, Plaintiffs do not allege any facts to support their accusation that Trans Union or any of the credit reporting agencies had knowledge that Plaintiffs' mortgage was not in modification. While Plaintiffs allege they contacted USB on several occasions in an attempt to resolve this issue, there is no indication that the Plaintiffs ever contacted the credit reporting agencies directly or that the credit reporting agencies had any knowledge of the information's falsity at the time of publication, as such, the Court does not accept as true these factually unsupported legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). As such, Plaintiffs' Third Cause of Action alleging defamation and Fifth Cause of Action alleging negligence are dismissed with leave to amend as to defendants Trans Union, Equifax and Experian.

The Plaintiffs do allege multiple communications with USB regarding the fact that

their mortgage was not modified and assert that USB automatically reported to the credit reporting agencies that Plaintiffs' mortgage was in modified status simply because Plaintiffs inquired about the possibility of a mortgage modification. The Court finds that Plaintiffs sufficiently pled malice as defined in *New York Times* against USB. As such, USB's motion to dismiss Plaintiffs' Third and Fifth Causes of Action alleging defamation and negligence respectively is denied.

*Negligent Interference with Prospective Economic Advantage Claim against USB*

The tort of negligent interference with prospective economic advantage is not recognized under Arizona law. *Cumis Ins. Soc'y, Inc. v. Merrick Bank Corp.*, 2008 WL 4277877 (D. Ariz. Sept. 18, 2008)(citing *Southwest Pet Prods., Inc. v. Koch Industries, Inc.*, 89 F.Supp.2d 1115, 1131 (D. Ariz. 2000). Plaintiffs' Sixth Cause of Action alleging negligent interference with prospective economic advantage will therefore be dismissed.

*Experian and Equifax*

Although only Trans Union and USB moved for dismissal, Plaintiffs fail to state defamation or negligence claims against Trans Union, Experian, or Equifax. Plaintiff has had an opportunity to respond to Trans Union's arguments and therefore Plaintiffs' defamation and negligence claims against Trans Union, Experian and Equifax are dismissed without prejudice. *Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981)(court may sua sponte dismiss for failure to state claim if plaintiff has had opportunity to respond to arguments).

Accordingly, IT IS ORDERED:

1.  Defendant USB's Motion to Dismiss (Doc. 8) is GRANTED in part and DENIED in part.

2.  Plaintiffs' First Cause of Action alleging a violation of A.R.S. §44-1695 against USB and Plaintiffs' Sixth Cause of Action against USB alleging negligent

interference with prospective economic advantage are DISMISSED WITH PREJUDICE.

3. Plaintiffs' Fourth Cause of Action alleging negligent misrepresentation against USB and Plaintiffs' Seventh Cause of Action against USB alleging a violation of the Arizona Consumer Fraud Act, A.R.S. §44-1521 are DISMISSED WITH LEAVE TO AMEND.

4. Defendant Trans Union's Motion to Dismiss Plaintiffs' Complaint Under Rule 4(m) or in the Alternative Motion to Dismiss Under Rule 12(b)(6) for Failure to State a Claim is GRANTED in part and DENIED in part.  (Doc. 12).

5. Plaintiffs' Third Cause of Action alleging Defamation against Trans Union, Experian and Equifax and Plaintiffs' Fifth Cause of Action alleging negligence against Trans Union, Experian and Equifax are DISMISSED WITH LEAVE TO AMEND.

6. The deadline for Plaintiffs to file a First Amended Complaint will be set at the case management conference.

Dated this 11th day of December, 2012.

_____
Cindy K. Jorgenson
United States District Judge